# EXHIBIT A
# STATE COURT FILE

"EXHIBIT A"

DOCUMENT 1

ELECTRONICALLY FILED
10/29/2019 12:05 PM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca:<br>05<br><br>Date of Filing:<br>10/29/2019 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA
### MARCILLE S EVANS v. WAL-MART STORES, INC.

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
DAS003   10/29/2019 12:05:14 PM
Date   /s/ BRIAN ANTON DASINGER
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

"EXHIBIT A"

ELECTRONICALLY FILED
10/29/2019 12:05 PM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

DOCUMENT 2

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARCILLE EVANS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | Civil Action No.:  CV-19- |
| | ) | |
| WALMART STORES, INC. | ) | **PLAINTIFF RESPECTFULLY** |
| | ) | **REQUESTS A TRIAL BY JURY** |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, in the above-styled action and files this, his Complaint against the Defendant showing this Honorable Court as follows:

### JURISDICTION AND VENUE

1.  Plaintiff is over the age of nineteen (19) years and is a resident of Baldwin County currently and at the time of the accident.

2.  Defendant, WAL-MART STORES, INC. is a foreign corporation which at all material times conducted business in the State of Alabama and is subject to jurisdiction in Alabama as it has committed a tort in Alabama.

3.  On or about October 30, 2017, Defendant, WAL-MART STORES, INC. was the owner and operator of a Wal-Mart Superstore Center, Store #6173, in Robertsdale, Baldwin County, Alabama.

4.  The amount in controversy exceeds this Honorable Court's minimum jurisdictional limit.

5.  Jurisdiction and venue are therefore proper.

### STATEMENT OF FACTS

6.  On or about October 30, 2017, the Plaintiff, Marcille Evans, went onto Defendant's premises to shop for floor cleaning equipment when she was caused to be injured as a

"EXHIBIT A"

DOCUMENT 2

result of a poorly placed floor cleaning product which fell onto the right side shoulder area from a shelf.

7.      Defendant knew, or, in the exercise of reasonable care should have known, of the condition and placement of the item, or Defendant created the condition either through the acts of its employees, in its negligent maintenance of the area equipment, or in its negligent method of operation, and Defendant should have corrected the condition or warned Plaintiff of its existence. Additionally, Defendant should have placed the item at a level that would have prevented the injury to the Plaintiff.

8.      As a result of the incident due to the negligence of the Defendant, the Plaintiff suffered and still suffers permanent bodily injury, and resulting pain and suffering, disability, mental anguish, loss of capacity has been caused to suffer bodily injuries, has been caused to undergo medical treatment for her injuries and will be caused to undergo further medical treatment in the future, she has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses, and will be caused to incur such expenses in the future; she has suffered, still so suffers and will be caused to suffer in the future, physical pain, suffering, mental distress and mental anguish. Her injuries have caused her to be deprived of much enjoyment in her life, and will so deprive her in the future. Plaintiff has also incurred lost wages and claims future loss of earnings as a result of the accident.

## COUNT I

### Negligence/Wantonness

9.      Plaintiff incorporates by reference as if fully set forth herein the allegations in paragraphs 1-9 above.

2

"EXHIBIT A"

10.    Defendant Wal-Mart Stores, Inc. had a duty to act reasonably and to keep the premises and inventory in a safe condition.   Defendant Wal-Mart Stores, Inc. failed to meet those duties by failing to properly stock upon the display hooks the product, a Bona Hardwood Floor Cleaner that caused the Plaintiff's injury by falling on her right shoulders.

11.    As a direct proximate consequence of the above-described negligence and/or wantonness of the Defendant Wal-Mart Stores, Inc., the Plaintiff Marcille Evans has been caused to suffer bodily injuries, and has been caused to undergo medical treatment for her injuries and will be caused to undergo further medical treatment in the future, she has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses, and will be caused to incur such expenses in the future; she has suffered, still so suffers and will be caused to suffer in the future, physical pain, suffering, mental distress and mental anguish. Her injuries have caused her to be deprived of much enjoyment in his life, and will so deprive her in the future. Plaintiff has also incurred lost wages and claims future loss of earnings as a result of the accident.

WHEREFORE, Plaintiff demands judgment against Defendant for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

## COUNT II

### (Gross Negligence/Wantonness)

12. The Plaintiff adopts and re-alleges paragraphs 1 through 12, as if fully set out herein.

13. Defendant at the time and place of the aforementioned accident, failed to provide a safe display area by not properly and safely displaying the item, a Bona Hardwood Floor Cleaner that injured the Plaintiff. Defendant failed to provide a safe shopping environment and in

DOCUMENT 2

3

"EXHIBIT A"

doing so, was wanton and reckless and created an unsafe shopping environment. The Defendant, failed to exercise ordinary care and diligence, and was, further grossly negligent in, including but not limited to, the following respects:

(a) Failing to maintain the premises in a good and safe condition for the Plaintiff and others;

(b) Failing to properly and safely set up and maintain the floor cleaning displays; and

(c) Failing to otherwise comply with applicable laws and regulations of the State of Alabama and the applicable Federal laws and regulations.

14. Defendant's conduct constitutes gross negligence and/or wantonness, which proximately caused, in whole or in part, Plaintiff to suffer bodily injuries, and as a result Plaintiff has been caused to undergo medical treatment for her injuries and will be caused to undergo further medical treatment in the future; she has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses, and will be caused to incur such expenses in the future; she has suffered, still so suffers and will be caused to suffer in the future, physical pain, suffering, mental distress and mental anguish.  Her injuries have caused her to be deprived of much enjoyment in his life, and will so deprive her in the future. Plaintiff has also incurred lost wages and claims future loss of earnings as a result of the accident.

WHEREFORE, Plaintiff demands judgment against Defendants for both compensatory and punitive damages in an amount to be determined by a jury together with the costs of this proceeding.

15. **PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

"EXHIBIT A"

s/ Brian A. Dasinger (DAS003)

Attorney for Plaintiff

Post Office Box 1557
Fairhope, Alabama 36533
(251) 928-5588
bdasingerpc@gmail.com

STATE OF ALABAMA

COUNTY OF BALDWIN

Personally appeared before me, the undersigned, a Notary Public, in and for said State and County, MARCILLE S. EVANS, who having been first duly sworn, deposes and says that she has read the statements contained in the foregoing Complaint and that the same are true and correct statements and she willingly and wholeheartedly endorses this Complaint.

MARCILLE S. EVANS

SWORN AND SUBSCRIBED

Before me on this the 25 day of October , 2019.

NOTARY PUBLIC

My commission expires 2/5/2023.

**DEFENDANT MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

WAL-MART STORES, INC.
21141 Highway 59
Robertsdale, Alabama 36567

5

"EXHIBIT A"

ELECTRONICALLY FILED
1/14/2020 9:17 AM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## AFFIDAVIT OF SERVICE

State of Alabama                                                County of Baldwin

Case Number: 05-CV-2019-901534.00

Plaintiff:
**MARCILLE EVANS**

vs.

Defendant:
**WAL-MART STORES, INC.**

For:
Brian Dasinger

Received by True Blue Paper Service on the 2nd day of December, 2019 at 10:20 am to be served on **Wal-Mart Stores, Inc., 702 SW 8th Street, Bentonville, AR 72716.**

I, Carlos Adam Moreno, being duly sworn, depose and say that on the **2nd day of December, 2019 at 11:28 am, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Cover Sheet, Summons and Complaint** with the date and hour of service endorsed thereon by me, to: **Jordan Rogers** as **Registered Agent** at the address of: **702 SW 8th Street, Bentonville, AR 72716** on behalf of **Wal-Mart Stores, Inc.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30s, Sex: M, Race/Skin Color: White, Height: 6'3", Weight: 170, Hair: Red, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing and have proper authority in the jurisdiction in which this service was made and all statements above are true.

Subscribed and Sworn to before me on the 2nd day
of December, 2019 by the affiant who is personally
known to me.

_Chris B. Traxson_
NOTARY PUBLIC

CHRIS B. TRAXSON
Benton County
Commission Number 12401366
Notary Public - Arkansas
My Commission Expires October 10, 2024

Carlos Adam Moreno
BPS-16-8

**True Blue Paper Service**
P.O. Box 2675
Bentonville, AR 72712
(479) 899-6411

Our Job Serial Number: TRB-2019000711

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

"EXHIBIT A"

DOCUMENT 7

ELECTRONICALLY FILED
1/20/2020 1:33 PM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARCILLE EVANS,                          *
                                         *
        Plaintiff,                       *
                                         *
vs.                                      *        CASE NO. CV-2019-901534
                                         *
WALMART STORES, INC.                     *
                                         *
                                         *
                                         *
        Defendants.                      *

## ANSWER

Defendant, WAL-MART STORES EAST, L.P., incorrectly identified as Wal-Mart Stores, Inc., ("Wal-Mart"), responds to the allegations of Plaintiff's Complaint as follows, with each numbered paragraph corresponding to those of Plaintiff's Complaint:

## JURISDICTION AND VENUE

1.      Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age or residency but at this time admits the same.

2.      Wal-Mart Stores, Inc. (now Walmart Inc.) admits it is a foreign corporation authorized to do business in Alabama and may be served via its registered agent.  However, Walmart Inc. denies any involvement in the alleged incident giving rise to this action, and denies it was the owner or operator of the premises where this incident occurred.  Wal-Mart Stores East, L.P. admits it is a foreign limited partnership authorized to do business in Alabama and may be served via its registered agent, and that at all times pertinent herein, it was the operator of the premises where this incident occurred.  Wal-Mart

"EXHIBIT A"

DOCUMENT 2

denies it committed a tort in the State of Alabama, and denies Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

3.      Wal-Mart Stores, Inc. denies any involvement in the alleged incident giving rise to this action, and denies it was the owner or operator of the premises where this incident occurred.  Wal-Mart Stores East, L.P. admits that at all times pertinent herein, it was the operator of the premises where this incident occurred.

4.      Wal-Mart is without knowledge and information sufficient to form a belief as to the amount in controversy in this matter and, therefore, can neither admit or deny the allegations of this paragraph. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

5.      Wal-Mart admits, at the present time, that jurisdiction and venue are proper. Wal-Mart denies that Plaintiff is entitled to any recovery in this matter and demands strict proof thereof.

## STATEMENT OF FACTS

6.      Wal-Mart admits that on or about October 30, 2017, Plaintiff was present on its premises and was involved in an incident.  Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning the purpose for Plaintiff's presence on its premises, the  details of how the incident occurred, or Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

7.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

8.      Wal-Mart denies that its conduct was negligent, and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages, if any, and, therefore, demands strict proof thereof. Wal-Mart is without knowledge and

"EXHIBIT A"

DOCUMENT 7

information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition or alleged injuries and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

## COUNT I: NEGLIGENCE/ WANTON ESS

9.      Wal-Mart hereby adopts and incorporates by reference the preceding paragraphs the same as though fully repeated herein.

10.      Wal-Mart admits the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty owed to Plaintiff and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages, if any, and, therefore, demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

11.      Wal-Mart denies its conduct constituted negligence or wantonness, and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages, if any, and, therefore, demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 11, Wal-Mart denies that Plaintiff is entitled to any recovery in this matter, including compensatory or punitive damages, and demands strict proof thereof.

"EXHIBIT A"

## COUNT I I: GROSS NEGLIGENCE/ WANTONNESS

12.    Wal-Mart hereby adopts and incorporates by reference the preceding paragraphs the same as though fully repeated herein.

13.    Wal-Mart denies it failed to provide a "safe display area", and denies it failed to provide a "safe shopping environment" and demands strict proof thereof. Wal-Mart further denies it failed to exercise ordinary care and due diligence, denies its conduct was reckless, wanton, or grossly negligent, and denies all allegations contained in subparts (a) through (c) and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

14.    Wal-Mart denies its conduct constituted gross negligence or wantonness, and denies its conduct was the direct and proximate cause or contributing cause of this alleged incident or Plaintiff's alleged injuries and damages, if any, and, therefore, demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's injuries and damages and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and demands strict proof thereof.

As to the unnumbered paragraph below paragraph 14, Wal-Mart denies that Plaintiff is entitled to any recovery in this matter, including compensatory or punitive damages, and demands strict proof thereof.

15.    Wal-Mart admits Plaintiff is entitled to a trial by jury and also demands same.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against Wal-Mart Stores, Inc and/or Walmart Inc.

"EXHIBIT A"

2.    Plaintiff's claims are barred by insufficiency of service and/or insufficiency of process.

3.    Wal-Mart denies any allegations contained in the preamble, prayer, or in any other parts of the Complaint that are not specifically admitted or otherwise controverted and demands strict proof thereof.

4.    The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.    Wal-Mart did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Wal-Mart owed Plaintiff no duty to eliminate the alleged hazard.

6.    Plaintiff's claims are barred, in whole or in part, because of the absence of a duty owed to her by Wal-Mart.

7.    Plaintiff's claims are barred due to her contributory negligence.

8.    Plaintiff assumed the risk of conditions present and the dangers inherent therein.

9.    Plaintiff's claims are barred, in whole or in part, because she failed to undertake the precautions that a reasonably prudent person would take to protect against dangers which a reasonably careful person would reasonably appreciate under the same or similar circumstances.

10.    Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Wal-Mart.

11.    No act or omission of Wal-Mart was the proximate cause or contributing cause of any injury to Plaintiff.

12.    Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Wal-Mart.

13.    Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

"EXHIBIT A"

DOCUMENT 7

14.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

15.     The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

16.     Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

17.     Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

      a.     It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

      b.     It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c.      It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d.      It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e.      It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f.      It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.      It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

"EXHIBIT A"

h.    It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i.    It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j.    It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k.    It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.    It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

"EXHIBIT A"

m.      The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n.      The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o.      The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

18.     Wal-Mart reserves the right to add and/or supplement its affirmative defenses as discovery in this matter has not yet begun.

**DEFENDANT DEMANDS TRIAL BY STRUCK JURY**

"EXHIBIT A"

DOCUMENT 7

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL011)
mmd@delmar-law.com
JARRETT J. DIXON (DIX013)
jd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the E-File court system upon undersigned counsel on this the 20th day of January, 2020.

Brian A. Dasinger
Post Office Box 1557
Fairhope, AL  36533


/s/ W. Pemble DeLashmet
OF COUNSEL

"EXHIBIT A"

DOCUMENT 8

ELECTRONICALLY FILED
1/20/2020 1:45 PM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARCILLE EVANS,                          *
                                         *
     Plaintiff,                         *
                                         *
vs.                                      *          CASE NO. CV-2019-901534
                                         *
WALMART STORES, INC.                     *
                                         *
                                         *
                                         *
     Defendants.                        *


## NOTICE OF SERVICE

     COMES NOW Defendant, WAL-MART STORES EAST, LP., incorrectly identified as "Wal-Mart Stores Inc.," (hereinafter collectively referred to as "Wal-Mart"), and hereby gives notice to the Court that the following has been served on Plaintiff:

1.    First Set of Interrogatories and Requests for Production of Documents from Defendant Wal-Mart to Plaintiff; and

2.    Requests for Admission and Second Requests for Production of Documents from Defendant Wal-Mart to Plaintiff.


            *s/ W. Pemble DeLashmet*
            W. PEMBLE DELASHMET (DEL010)
            wpd@delmar-law.com
            CHAD C. MARCHAND (MAR 136)
            ccm@delmar-law.com
            MIGNON M. DELASHMET (DEL011)
            mmd@delmar-law.com
             JARRETT J. DIXON (DIX013)
             jd@delmar-law.com
            Attorneys for Defendant Wal-Mart Stores East, LP

"EXHIBIT A"

DOCUMENT 9

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document by electronically filing same with the AlaFile court system upon undersigned counsel on this the 20th day of January, 2020.

Brian A. Dasinger
Post Office Box 1557
Fairhope, AL 36533

<u>/s/ W. Pemble DeLashmet</u>
OF COUNSEL

"EXHIBIT A"

DOCUMENT 14

ELECTRONICALLY FILED
4/22/2020 7:39 AM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| MARCILLE EVANS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| v. | ) | Civil Action No.:  CV-19-901534 |
| | ) | |
| WALMART STORES, INC. | ) | |
| | ) | |
|     Defendant. | ) | |

### NOTICE OF SERVICE OF DISCOVERY

    **COMES NOW** the Plaintiff, Marcille Evans, by and through undersigned counsel, and files this Notice of Service of the following discovery on the Defendant to this cause:

1.    Plaintiff's Responses to Defendant's Interrogatories and Request for Production of Documents;

2.    Plaintiff's Responses to Defendant's Request for Admissions and 2nd Request for Production of Documents.

Respectfully submitted,

BRIAN A. DASINGER, P.C.
/s/Brian A. Dasinger (DAS003)
Attorney for the Plaintiff
Post Office Box 1557
Fairhope, AL 36533
(251) 928-5588

"EXHIBIT A"

DOCUMENT 11

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this the 21st day of April, 2020 served a copy of the foregoing pleading on the Attorney for the Defendant, Pemble DeLashmet and Mignon M. DeLashmet, Post Office Box 2047 Mobile, AL  36652 via e-mail and Alafile.

<u>/s/ Brian A. Dasinger (DAS003)</u>
Attorney for Plaintiff
P.O. Box 1557
Fairhope, AL 36533
(251) 928-5588

"EXHIBIT A"

DOCUMENT 13

ELECTRONICALLY FILED
4/22/2020 2:38 PM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARCILLE EVANS,                    *
                                   *
          Plaintiff,               *
                                   *
vs.                                *          CASE NO. CV-2019-901534
                                   *
WALMART STORES, INC.               *
                                   *
                                   *
                                   *
          Defendants.              *

### NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the court has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, L.P., incorrectly identified as Walmart, Inc."  will apply to the clerk of this Court for issuance of subpoenas to be directed to the non-parties whose addresses are listed below to produce the documents and/or things identified in said subpoenas, at the time and place specified therein:

> **Dr. John L. Hinton, MD**
> **Mobile Infirmary**
> **1720 Springhill Avenue, Suite 300**
> **Mobile, AL 36604**
>
> **Dr. Amber Gordon, MD**
> **Mobile Infirmary**
> **3 Mobile Infirmary Circle, Suite 201-A**
> **Mobile, AL 36604**
>
> **Dr. Michael A. Chamblee, MD**
> **Baldwin Bone & Joint PC**
> **1505 Daphne Avenue**
> **Daphne, AL 36526**

"EXHIBIT A"

DOCUMENT 13

**Baldwin Emergency Physicians PC**
**P.O. Box 830469**
**Birmingham, AL 35283**

**Bay Medical Family Practice, P.C.**
**405 North Section Street**
**Fairhope, AL 36532**

**Blue Cross Blue Shield of Alabama**
**Attn: Legal Department**
**450 Riverchase Parkway E.**
**Birmingham, AL 35236**

**Diagnostic & Medical Center**
**1720 Springhill Avenue, Suite 300**
**Mobile, AL 36604**

**Cardiology Associates**
**188 Hospital Drive**
**Suite 100**
**Fairhope, AL 36532**

**Rehabilitation Specialists**
**Infirmary Health**
**3 Mobile Infirmary Circle**
**Suite 201A**
**Mobile, AL 36607**

/s/ W. Pemble Delashmet
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL011)
MMD@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:      (251) 433-1577
Facsimile:      (251) 433-1578

"EXHIBIT A"

DOCUMENT 2

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that I have on this day April 22, 2020, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Brian A. Dasinger
Post Office Box 1557
Fairhope, AL  36533

                                     */s/ W. Pemble Delashmet*
                                     OF COUNSEL

"EXHIBIT A"

DOCUMENT 24
ELECTRONICALLY FILED
4/23/2020 11:32 AM
05-CV-2019-901534.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY L. WISE, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

MARCILLE EVANS,                         *
                                        *
          Plaintiff,                    *
                                        *
vs.                                     *        CASE NO. CV-2019-901534
                                        *
WALMART STORES, INC.                    *
                                        *
                                        *
                                        *
          Defendants.                   *

## NOTICE OF INTENT TO SERVE SUBPOENAS ON NON-PARTIES

Take notice that upon the expiration of fifteen (15) days (or such other time as the court has allowed) from the date of service of this notice, Defendant Wal-Mart Stores East, L.P., incorrectly identified as Walmart, Inc." will apply to the clerk of this Court for issuance of subpoenas to be directed to the non-parties whose addresses are listed below to produce the documents and/or things identified in said subpoenas, at the time and place specified therein:

**Mobile Infirmary**
**5 Mobile Infirmary Circle**
**Mobile, AL 36607**

**Thomas Hospital**
**750 Morphy Avenue**
**Fairhope, AL 36532**

**Walgreens Pharmacy**
**3025 Hwy 98**
**Daphne, AL 36526**

"EXHIBIT A"

/s/ W. Pemble Delashmet
W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
MIGNON M. DELASHMET (DEL011)
MMD@delmar-law.com
Attorneys for Wal-Mart Stores East, L.P.


OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day April 23, 2020, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.


Brian A. Dasinger
Post Office Box 1557
Fairhope, AL  36533




/s/ W. Pemble Delashmet
OF COUNSEL


"EXHIBIT A"